IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-50588

Summary Calendar

---

VERTIS McNEESE,

Plaintiff-Appellant,

versus

LARRY DON COOK, Administrator at
Limestone County Detention Center,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CV-64

---

April 4, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Vertis McNeese, a Texas prisoner, challenges the district court's dismissal of his claim under 42 U.S.C. § 1983 against Larry Don Cook. We agree with the district court that McNeese's claim is barred by the statute of limitations.

There is no federal statute of limitations for § 1983 actions. Federal courts borrow the forum state's limitations period for

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

general personal injuries, which in Texas is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a) (West Supp. 1997); <u>Owens v. Okure</u>, 488 U.S. 235, 249-50 (1989); <u>Burrell v. Newsome</u>, 883 F.2d 416, 418 (5th Cir. 1989). Federal law determines the date the cause of action accrues. <u>Burrell</u>, 883 F.2d at 418. McNeese's action accrued when he knew or had reason to know of the injury that is the basis of his action. <u>Id.</u>

On April 23, 1993, McNeese suffered an injury to his eyes and lost personal property when prison officials used tear gas to control a riot that was taking place outside of McNeese's cell. McNeese claims that he did not have reason to know of his injury until several months later, when doctors determined that he needed glasses to compensate for severe, permanent eye damage. He states in his brief, however, that he "made constant complaints to the medical departments . . . about the pain to his eyes and the possible reason for it."

We agree with the district court that McNeese's cause of action accrued on the date of the riot. He knew immediately that the tear gas hurt his eyes and damaged his property. The fact that he did not know the extent of the damage does not trigger the tolling principles involved in the discovery rule. As we explained in <u>Albertson v. T.J. Stevenson & Co.</u>, 749 F.2d 223, 229 (5th Cir. 1984),

> If some injury is discernible when the tortious act
> occurs, the time of event rule respecting statutes of
> limitations applies, and the plaintiff's cause of action

is deemed to have accrued.  If the plaintiff later discovers that his injuries are more serious than originally thought, his cause of action nevertheless accrues on the earlier date, the date he realized that he had sustained harm from the tortious act.

Even if McNeese's first suit, filed in April of 1995, was within the limitations period, his time expired at the latest shortly after the district court dismissed it on August 21, 1995, for failure to pay the $120 filing fee.  McNeese cannot avoid the fact that his complaint in this case, filed February 8, 1996, is stale.

AFFIRMED.